IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

OPINION AND ORDER

Plaintiff,

08-cr-95-bbc

v.

ADAM MEECE,

Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Defendant Adam Meece has filed objections to the report and recommendation entered by United States Magistrate Judge Stephen Crocker on January 13, 2009. The magistrate judge recommended denial of defendant's motion to suppress certain physical evidence seized from the residence of his girlfriend, Jami Lee, and statements defendant made after his arrest.

Defendant has two objections to the magistrate judge's recommendation to deny his motion to suppress the drugs, guns and money seized in the allegedly illegal search. (In addition, he objects to the magistrate judge's decision to find the testimony of the law enforcement officers credible and to reject Jami Lee's testimony. For reasons I will explain in discussing the substantive objections, I conclude that the magistrate judge's credibility

1

determination is correct.)

Defendant's first substantive objection is that the magistrate judge erred in finding that the arresting officers had reasonable suspicion to arrest him. Defendant concedes that because he was subject to state supervision at the time of his arrest, he could be detained administratively if the arresting officer had reasonable suspicion that he had engaged in new criminal behavior. He contends that the magistrate judge was not in a position to determine whether the officers had met even the low standard of reasonable suspicion because Officer Markham did not provide enough testimony at the evidentiary hearing to allow the magistrate judge to make that determination.

For review purposes, it would have been better had the government asked Markham at the evidentiary hearing exactly what questions she asked the anonymous tipster who supplied her with information about defendant and what details the tipster provided. Instead, Markham testified that she had asked the tipster a number of questions, such as how the tipster knew defendant, knew what kind of guns defendant possessed and what they looked like, knew where defendant worked, knew what kind of car he drove, knew where the drugs were and how he or she came by the knowledge. She did not say what the answers were or explain how she had verified particular answers, as she testified she had done. Nevertheless, her testimony about what she had done and the steps she had followed was sufficient, if barely so, to show that she had reasonable suspicion to believe that defendant

2

had engaged in new criminal conduct. Her testimony was bolstered by the probation officer's willingness to obtain a probation warrant for defendant's arrest after having heard Markham's summary of the tipster's information and of her efforts to corroborate that information.

In any event, Markham's testimony is irrelevant to defendant's motion to suppress unless her telling Lee about the arrest had some bearing on Lee's decision to allow Markham and sheriff's deputy Keith Severson into her house. Had she prevented them from entering, they would not have discovered the guns, drugs and money until they had obtained a search warrant. The flaw in defendant's argument is that, as the magistrate judge found, nothing in the record supports defendant's contention that the news of his arrest overcame any reluctance Lee had about letting the officers into her house. It is undisputed that not only did Lee let the officers in but she accompanied Markham up to the bedroom she shared with defendant, where Markham found guns that defendant had hidden.

Defendant argues that the magistrate judge erred in finding that the arrest had nothing to do with Lee's willingness to allow the officers in, but after reading the transcript of the evidentiary hearing, I am convinced that this finding was the only one he could have made. Both Markham and Severson testified that Lee agreed to let them into her house and expressed concern for the safety of her children when she learned that defendant may have hidden guns in the residence. Lee testified at the hearing and said nothing to suggest that

3

defendant's arrest was a factor in her decision to let the officers into her house.  Instead, she testified that she consented to a search after Markham told her the officers could get a search warrant, that doing so might take hours and that they would not allow Lee leave to pick up her child from day care until the search had taken place.  (Defendant does not argue that Lee's version of what Markham said is correct or that these statements coerced Lee into consenting to a search.)  Lee testified that defendant's arrest was hardly surprising or even consequential.  "Quite honestly, he has been in trouble before and I pretty much have taken care of my three children by myself for a very long time." Trans. of Evid. Hrg., dkt. #50, at 35.

In short, defendant's objections do not convince me that the magistrate judge erred in any respect in his report and recommendation.

ORDER

IT IS ORDERED that the magistrate judge's recommendation to deny defendant Adam Meece's motion to suppress physical evidence and statements is ADOPTED and the

4

motion is DENIED.

Entered this 28th day of January, 2009.

>BY THE COURT:
>/s/
>BARBARA B. CRABB
>District Judge